IN THE MATTER OF THE FINAL JUDICIAL SETTLEMENT OF THE ACCOUNT OF ALICE CLARK, AS ADMINISTRATRIX, ETC., OF MICHAEL CLARK, DECEASED.

*Ward — when the value of services rendered by a ward, may be set off against a claim of her guardian for board — allowance by a surrogate for an additional day occupied on a trial — allowable on a trial before a referee — not for an adjournment — Code of Civil Procedure, sec. 2561.*

Where a ward, who boards in the family of her guardian and is charged for board by him, in fact renders valuable services, the value of such services may be allowed in reduction of the charge for board.

Section 2561 of the Code of Civil Procedure, providing that "where a trial or hearing upon the merits before the surrogate necessarily occupies more than two days, ten dollars for each additional day" may be allowed as costs, applies to a trial had before a referee appointed ·by the surrogate, as well as to a trial had before the surrogate himself.

The section does not contemplate or authorize any allowance for days on which an adjournment occurs, without any actual hearing.

APPEAL from a decree of the surrogate of the city and county of New York.

*Todd & Dayton*, for the administratrix, appellant.

*F. W. Diehl*, for the respondents.

DAVIS, P. J.:

The only questions raised on this appeal are:

*First.* As to the propriety of an allowance to Mary E. Farrell of the sum of $682 on account of services rendered by her; and,

*Second.* As to the award of costs and an allowance to the parties contesting the account of the administratrix.

Mary E. Farrell, whose maiden name was Fox, was the ward of Michael Clark, who was her general guardian, and lived during her minority in his family. In the accounts which the guardian rendered she was charged five dollars per week for her board while so living in his family. On the hearing before the referee she was called as a witness in her own behalf, and, in respect to this item for board, she testified: "I do not think my board bill was right; it is too much, because I worked and sewed for Mrs. Clark when I lived

there with her; I ought to have had a credit for my services.  Q. What, in your opinion, was board at Mr. Clark's worth for you at a fair and reasonable figure?  A. Three or three dollars and a-half a week."

To this testimony no objection was made, and no point was taken before the referee or before the surrogate that the charge for board had not been properly surcharged, or objected to as excessive, and that no claim or demand for services had been interposed on behalf of Mrs. Farrell.  It seems too late to raise such objections now, because if they had been made at that time the surrogate might have allowed the proper amendments to have been filed or the claim for services interposed *nunc pro tunc*.  The substance of what took place was a reduction of the charge for board by reason of services rendered, and it does not seem to have been contradicted, that if such services were in fact rendered, they ought to have had the effect of reducing the board.  The price of board at five dollars per week is not objected to as not being a fair price, but the claim on the part of Mrs. Farrell was substantially that that price should be reduced because of her services to three dollars and a-half per week.  The referee so found, and the surrogate confirmed the finding with a slight modification, deducting for a period of absence from the family when Mrs. Farrell rendered no services.  We see no reason why, where a ward boards in the family of her guardian, and is charged for board, and in fact renders services of value, those services should not be allowed as a claim to reduce the charges for board.

The point is made that under section 2561 of the Code of Civil Procedure the ten dollars for each additional day beyond two days, which may be allowed where a trial or a hearing upon the merits before the surrogate necessarily occupies more than two days, is only applicable to a hearing before the surrogate in person and not before a referee appointed by the surrogate.  But we think this would be altogether too narrow a construction.  The hearing upon the merits before a referee in a case of this kind may be ordered, and in legal contemplation should be considered as a hearing before the surrogate himself.  The same services are necessarily rendered, and the end accomplished is the same precisely as though the surrogate sat instead of the referee.  It is a proceeding and hearing in

his court, and we think in a proper case the ten dollars per day additional may be allowed. In making the allowance in this case the surrogate states for what it is made in this form :

| | |
|---|---:|
| Allowance for trial before the referee ten days when the case proceeded and six days' adjournments.......... | $125 00 |
| Three days before the surrogate. ................... | 30 00 |

These items show that in addition to the ten dollars per day for ten days when the case proceeded, the sum of twenty-five dollars has been allowed for adjournments. We think the section of the Code does not contemplate or empower any allowance for days on which an adjournment occurred without any actual hearing, and the item for twenty-five dollars ought therefore to be stricken out.

The decree should be modified by deducting that sum, and affirmed as modified, without costs to either party.

DANIELS, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Decree modified as directed in opinion, and affirmed as modified, without costs to either party.